# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 4, 2016

152092 & (51)

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SPRING HARBOR CLUB CONDOMINIUM
ASSOCIATION, DON L. KESKEY, the ESTATE
OF PETER DONLIN, and BRUCE TRAVERSE
d/b/a KESTRADON ENTERPRISES,
         Plaintiffs-Appellees/
         Cross-Appellants,

v

GREG WRIGHT d/b/a WRIGHT ENTERPRISE,
INC., a/k/a BUILT WRIGHT CONSTRUCTION,
a/k/a BUILT WRIGHT CONTRACTORS, a/k/a
BUILT WRIGHT CORP,
         Defendants-Appellants/
         Cross-Appellees,
and

H. JACK BEGROW PC, HAROLD JACK
BEGROW, and UNKNOWN
SUBCONTRACTORS,
         Defendants-Appellees/
         Cross-Appellees.

SC: 152092
COA: 321507
Charlevoix CC: 13-061924-CK

_____/

On order of the Court, the application for leave to appeal the June 23, 2015 judgment of the Court of Appeals and the application for leave to appeal as cross-appellants are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal. I would instead reverse the judgment of the Court of Appeals to the extent it concluded that the trial court erred by granting summary disposition in favor of defendant Greg Wright and

the various entities associated with him (the Wright defendants) on plaintiffs' express warranty claims.

"[C]ontracts are to be construed in their entirety." *Perry v Sied*, 461 Mich 680, 689 (2000). Article 12 of the contract between plaintiffs and the Wright defendants expressly warrants that "all Work will be of good quality, free from faults and defects and in conformance with the Contract Documents." It includes no time limitation. Article 21, however, provides that "[t]he Contractor shall correct any Work that fails to conform to the requirements of the Contract Documents . . . within a period of eighteen (18) months from the date of the Final Certificate of Occupancy . . . ." In my judgment, contrary to the Court of Appeals' conclusion, Articles 12 and 21 are not independent provisions, but rather refer to the same subject matter — "Work" in conformance with the "Contract Documents" — and consequently must be read together to interpret the contract in its entirety. And when read together, these articles provide that the "Contractor," i.e., the Wright defendants, expressly warrants that all "Work" will be in conformance with the "Contract Documents" and that all "Work" that is *not* in conformance with the "Contract Documents" will be corrected within 18 months following the "date of the Final Certificate of Occupancy." That is, Article 21 imposes an 18-month limitation on the express warranty set forth in Article 12. Because the 18-month limitation has long since expired, I would conclude that plaintiffs cannot proceed with their express-warranty claims against the Wright defendants.

Because I believe the Court of Appeals clearly erred by concluding that the express warranty set forth in Article 12 was not subject to the 18-month limitation set forth in Article 21, I respectfully dissent.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 4, 2016

t0301

Clerk